UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SUE KENNEY,

Plaintiff,

    V.                                        Case No:

MOMAR, INCORPORATED,

Defendant.

_____.

**COMPLAINT FOR VIOLATIONS OF THE FLSA AND DEMAND FOR JURY TRIAL**

Plaintiff, SUE KENNEY, sues Defendant, MOMAR, INCORPORATED, ("Defendant") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. for failure to pay overtime compensation and a premium for all hours worked over forty (40) in each week.

**INTRODUCTION**

1. The Fair Labor Standards Act is our nation's foremost wage law. The overtime requirements of the FLSA were designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for

covered employees. 29 U.S.C. §§ 206(a) and 207(a). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. §213.

2. Plaintiff, SUE KENNEY ("Kenney" or "Plaintiff") worked for Defendant from approximately May 9, 2018 to January 13, 2023 working under the title of Executive Assistant.

3. Throughout Plaintiff's employment, she was not paid for all overtime hours worked and paid on a salary basis and was misclassified as exempt from overtime compensation.

4. Defendant maintained a scheme to avoid its obligations to pay overtime wages to Plaintiff in order to save thousands of dollars in labor costs and maximize profits all to the detriment of Plaintiff.

5. Defendant mandated and required overtime hours of Plaintiff but without paying her overtime compensation.

6. Defendant also discouraged and took actions to dissuade, mislead, and prevent full and accurate reporting of all work hours and did not maintain a time keeping system, or time clock applicable to Plaintiff.

7. Plaintiff routinely worked more than 40 hours during the workweeks to complete her job duties, including being expected and required to work "on call" at other times.

8. Defendant willfully violated the FLSA by refusing to pay Plaintiff all the overtime hours she worked that they knew of, and hours they should have known were worked by the Plaintiff.

9. Plaintiff was systematically denied overtime pay as Defendant refused to track and record work hours or pay all overtime compensation.

## JURISDICTION AND VENUE

13. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, since this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C. §§201-219, inclusive.

14. This Court has personal jurisdiction over Defendant because the Defendant is engaged in continuous business activities within this District and maintains a fixed and permanent office in this District.

15. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §1391(b) since the acts complained of herein took place in this District, where Defendant maintains a local office from where Plaintiff worked from and reported to. In addition, Defendant's corporate office is located in Atlanta, Georgia and likewise within this district and from where the unlawful policies and practices complained of herein were created, carried out, and enforced.

16. Upon information and belief, Defendant has revenues of $500,000.00 or more in the previous three (3) years and employs ten (10) or more employees.

17. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§206(a) and 207(a).

18. At all times relevant to this action, Plaintiff Kenney resided in Georgia, and within this district, and at all times material, worked for Defendant as an Executive Assistant.

19. Plaintiff was paid on a salary basis but was not paid for all overtime hours or hours more than 40 in any workweek that she worked.

20. Defendant did not track and record Plaintiff's work hours, and never discussed the FLSA or overtime wage laws or the payment for overtime hours worked throughout most of Plaintiff's employment.

21. Defendant, Momar, Incorporated is a Georgia for profit corporation with a principal place of business located at 1830 Ellsworth Industrial Drive, ATLANTA, GA, 30318.

22. Defendant may be served through its registered agent Julian B. Mohr at the same address 1830 Ellsworth Industrial Drive, ATLANTA, GA, 30318.

23. Defendants created and maintained a scheme to violate the FLSA by classifying Plaintiff as an exempt employee, while concurrently misleading Plaintiff through false statements and misinformation about the FLSA, overtime laws and compliance with the law.

24. Plaintiff Kenney did not supervise 2 or more full-time employees and thus fails any application of the executive exemption.

25. Plaintiff's primary duties and responsibilities were office related administrative tasks, and her position lacked any authority or discretion to make decisions which could bind the company or provided her the independent discretion and judgment to make decisions or to create, modify or institute company polices and thus, her position or job cannot satisfy or meet the elements of the administrative exemption.

26. Moreover, Plaintiff had no discretion or authority to hire, fire or discipline any other employees, nor was she involved with any decisions on hiring or interviewing new employee candidates, or firing or disciplining or setting the compensation rates of any employees.

27. Defendant represented to Plaintiff that she was not eligible for overtime pay.

28. Plaintiff routinely worked more than 40 hours each workweek and without being paid for all her work hours.

29. Plaintiff was expected and required by Defendant to work more than 40 hours in her workweeks and to work additional hours and handle work activities outside normal business hours and on weekends and be available to handle phone calls and other communications outside business hours and on her days off.

30. Defendants did not track and record Plaintiff's work hours.

31. The position Plaintiff worked in did not require any specific college degree, licensure, or education.

32. To complete the work assigned to her by Defendants, Plaintiff routinely had to work more than 8 hours in a day and more than 40 hours in a week.

33. Plaintiff's manager/superior knew that Plaintiff was routinely working more than 40 hours in a week and without being paid for all overtime hours.

34. Plaintiff was also encouraged and permitted to work as many hours as she wanted into the evening hours and even on her days off, and Defendants have never restricted or limited her work hours, access to job sites, company files or programs, or disciplined Plaintiff for working extra hours.

35. Defendant was fully aware and knew that Plaintiff was working more than 40 hours each full work week and expected the same, including working more than 5 days in a week.

36. At all times relevant to this action, Defendant was an employer of Plaintiff within the meaning of 29 U.S.C. §203(g).

37. The FLSA provides that, with certain exceptions, employers must pay employees overtime a premium pay for any hours over forty (40) worked in a week. 29 U.S.C. §207(a)(1). Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter, and Defendant has willfully treated and misclassified Plaintiff as an exempt employee in violation of the FLSA by not paying her for overtime hours worked.

## COUNT I
## FAILURE TO MAINTAIN TRUE & ACCURATE RECORDS OF HOURS WORKED

38. Plaintiff adopts and re-alleges the foregoing paragraphs as if fully asserted herein.

39. All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees, and as set forth in the related DOL regulations found at 29 CFR part 516.

40. Evidence reflecting the precise number of overtime hours worked by Plaintiff as well as the applicable compensation rates, is in the possession of Defendants.

41. However, and to the extent records are unavailable, Plaintiff may establish the hours she worked solely by her testimony and the burden of overcoming such testimony shifts to the employer to demonstrate and prove the precise number of hours Plaintiff worked. <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680 (1946).

42. With respect to an employee subject to the FLSA provisions, the following records must be kept:

    a  Personal information, including employee's name, home address, occupation, sex, and birth date if under nineteen (19) years of age;

    b  Hour and day when workweek begins;

    c  Regular hourly pay rate for any week when overtime is worked;

    d   Total hours worked each workday and each workweek;

    e   Total daily or weekly straight-time earnings;

    f   Total overtime pay for the workweek;

    g   Deductions from or additions to wages;

    h   Total wages paid each pay period; and

    i   Date of payment and pay period covered

43.    Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist. See, 29 U.S.C. §215(a)(5); See also, Dunlop v. Gray-Goto, Inc., 528 F.2d 792 (10th Cir. 1976).

44.    Accurate records are not only required for regulatory purposes, but they are also critical to an employer's defense of claims that it violated the FLSA. An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through the argument that there is insufficient evidence of the claimed hours worked. See Wirtz v. First State Abstract Ins. Co., 362 F.2d 83 (8th Cir. 1966); Boekemeier v. Fourth Universalist Soc'y, 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

45.    An employer's failure to maintain records may create a presumption in the aggrieved employee's favor. See Myers v. The Copper Cellar Corp., 192 F.3d 546, 551 n.9 (7th Cir. 1999), citing Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

46. Defendant failed to accurately record, track and report the Plaintiff's work hours as required under the FLSA.

47. Defendant willfully failed to make, keep and preserve records, with respect to Plaintiff' records sufficient to determine the wages, hours and other conditions and practices of employment in violation of 29 CFR §516.2 and 29 U.S.C. §§211, 216 and related laws.

## COUNT II
## VIOLATION OF § 207 OF THE FLSA

48. Paragraphs 1-37 are realleged and incorporated as if fully set forth herein.

49. At all relevant times, Defendant was the employers of Plaintiff within the meaning of the FLSA, and Defendant was subject to the FLSA's requirements as a covered employer.

50. Plaintiff was willfully misclassified as an exempt employee by Defendant and was not paid for the overtime hours, meaning hours more than 40, she worked throughout the term of her employment with the Defendant.

51. Defendant permitted and encouraged Plaintiff to work as many hours as she could or wanted to and knew that she was routinely working more than 40 hours each week, including communications outside regular business hours or on her days off.

52. Defendant knowingly and willfully failed to pay Plaintiff overtime compensation at the appropriate legal rate for all hours of work she performed on behalf of Defendant above and beyond forty (40) hours per workweek in violation of the FLSA, in particular 29 U.S.C. § 207.

53. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

54. Defendant knew or should have known that classifying employees such as Plaintiff as exempt from overtime simply because she was paid on a salary basis fails to satisfy or meet the elements of any lawful and recognized exemption from the overtime requirements of the FLSA.

55. Defendant knowingly and willfully engaged in a scheme to avoid paying overtime wages and cannot and does not have a good faith basis under the FLSA for willfully refusing to pay Plaintiff overtime for the hours worked over 40 in each and every work week.

56. Plaintiff is thus entitled to and should be awarded liquidated damages of an equal sum of the overtime wages awarded or recovered for a period of three (3) years preceding the filing of this action to the present and continuing.

57. Due to Defendant's willful FLSA violations, Plaintiff is entitled to recover from Defendant the unpaid overtime compensation due and owing for all hours worked in excess of forty (40) in each and every workweek, an additional

equal amount as liquidated damages, reasonable attorneys' fees, costs and expenses of this action, pursuant to 29 U.S.C. §216(b).

58.     Plaintiff has suffered financial harm and loss of monies owed to her as a direct and proximate result of Defendant's unlawful pay practices complained of herein.

**WHEREFORE** Plaintiff, SUE KENNEY demands judgment against Defendant for all unpaid overtime wages, plus an equal sum as liquidated damages, attorney's fees, costs and expenses of this litigation.  Plaintiff seeks an award of any other legal and equitable relief as this Court may deem appropriate, fair and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Filed February 21, 2023.

                         Respectfully submitted,

                         */s/Mitchell Feldman, Esq.*
                         **Mitchell L. Feldman, Esquire**
                         GA State Bar #: 25779
                         FELDMAN LEGAL GROUP
                         6916 W. Linebaugh Ave, #101
                         Tampa, Florida 33625
                         Tel: 813-639-9366 -Fax: 813-639-937
                         Mfeldman@flandgatrialattorneys.com
                         mail@feldmanlegal.us
                         *Attorney for Plaintiff*